**UNITED STATES OF AMERICA**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No. 3:03cr107 (SRU)** |
| | : | |
| **v.** | : | |
| | : | |
| **DANA ADAMS** | : | **February 12, 2008** |
| | : | |

**GOVERNMENT'S NOTICE TO THE COURT OF THE DEFENDANT'S ELIGIBILITY**
**FOR A SENTENCE REDUCTION UNDER 18 U.S.C. § 3582**

### I. Introduction

The government files this notice to inform the Court that, based on a recent amendment to the Sentencing Guidelines that lowered the base offense levels applicable to cocaine base ("crack") offenses, the defendant appears to be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

In stating its determination to apply the crack cocaine amendment retroactively, the Sentencing Commission declared that this authority will go into effect on March 3, 2008. Accordingly, this Court is without authority to reduce a sentence prior to that date. Nevertheless, for the convenience of the Court, to facilitate the orderly disposition of the many pending motions resulting from the amendment, and in light of the defendant's pending release date, the government presents its notification at this time.

In this case, the defendant appears eligible for a reduction of his sentence, with new Guideline range of 70-87 months. According to the BOP, he is scheduled to be released on November 23, 2008.

## II.  Procedural History

On January 9, 2004 the defendant pleaded guilty to the distribution of 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  On February 20, 2004, the probation office issued the first disclosure of the Presentence Report (hereinafter the 'PSR'), which was amended on March 11, 2004.  The PSR calculated the defendant's base offense level to be 26.  Subtracting three levels for acceptance of responsibility resulted in a total offense level of 23.  With a Criminal History Category of V, the defendant was exposed to a term of incarceration of 84 to 105 months.  In March, 2004, the Court sentenced the defendant to a term of incarceration of 72 months, which was below the suggested Guideline range.

Under the 2007 version of the sentencing guidelines, the defendant's total offense level is 21 and the suggested sentencing range is 70-87 months.

## III.  Amendment 706 to the Sentencing Guidelines

This notification arises under Section 3582(c)(2), which provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1]  On December 11,

---

[1]  Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides:  "If the Commission reduces the term of imprisonment recommended in

2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited

nature of relief available under 18 U.S.C. § 3582(c).  Revised Section 1B1.10(a), which becomes

effective on March 3, 2008, provides, in relevant part:

> (1)    <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment,
> and the guideline range applicable to that defendant has subsequently been
> lowered as a result of an amendment to the Guidelines Manual listed in subsection
> (c) below, the court may reduce the defendant's term of imprisonment as provided
> by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such
> reduction in the defendant's term of imprisonment shall be consistent with this
> policy statement.
>
> (2)    <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not
> consistent with this policy statement and therefore is not authorized under 18
> U.S.C. § 3582(c)(2) if—
>
> > (A)    none of the amendments listed in subsection (c) is applicable to the
> > defendant; or
> >
> > (B)    an amendment listed in subsection (c) does not have the effect of lowering
> > the defendant's applicable guideline range.
>
> (3)    <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. §
> 3582(c)(2) and this policy statement do not constitute a full resentencing of the
> defendant.

The amendment in question in this matter is Amendment 706, effective November 1,

---

the guidelines applicable to a particular offense or category of offenses, it shall specify in what
circumstances and by what amount the sentences of prisoners serving terms of imprisonment for
the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in
Section 1B1.10(c).  <u>See, e.g.</u>, <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997); <u>United
States v. Thompson</u>, 70 F.3d 279, 281 (3d Cir. 1995); <u>United States v. McHan</u>, 386 F.3d 620,
622 (4th Cir. 2004); <u>United States v. Drath</u>, 89 F.3d 216, 218 (5th Cir. 1996); <u>United States v.
Dullen</u>, 15 F.3d 68, 70-71 (6th Cir. 1994); <u>United States v. Wyatt</u>, 115 F.3d 606, 608-09 (8th Cir.
1997); <u>United States v. Cueto</u>, 9 F.3d 1438, 1441 (9th Cir. 1993); <u>United States v. Avila</u>, 997
F.2d 767, 768 (10th Cir. 1993); <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2]  On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses.  The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses.  <u>See</u> U.S.S.G., Supplement to App. C, Amend. 706.[3]

### IV.  Discussion

The government believes that Amendment 706 reduces the guideline range applicable in this case and therefore the Court may consider whether to reduce the sentence.  Specifically, the total offense level in this case is now 21.  At the established criminal history category of V, this would result in a sentencing range of 70-87 months.  This is a reduction from the previously applied range of 84-105 months.

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic.

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

[3] In a separate matter, the Supreme Court recently held in <u>Kimbrough v. United States</u>, ____ U.S. ____, 2007 WL 4292040 (2007) that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders.  However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).[4]

Similarly, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted. Id. app. note 1(B)(I); see also U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court

---

[4] In Vautier, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors. The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." Vautier, 144 F.3d at 759.

must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." Vautier, 144 F.3d at 760.  First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed.  In undertaking this first step, only the amended guideline range is changed.  All other guideline application decisions made during the original sentencing remain intact." Vautier, 144 F.3d at 760.

Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id.[5]

Subject to the limits set forth in Section 1B1.10(b), the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence.  In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation

---

[5]  The Eighth Circuit has also endorsed and explained at length this two-step procedure. United States v. Hasan,  245 F.3d 682, 684-85 (8th Cir. 2001) (en banc), citing United States v. Wyatt, 115 F.3d 606 (8th Cir. 1997).

In United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000), the court stated that it disagreed with the need for or utility of the two-step method.  However, the essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record.  The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.

of the defendant, whether positive or negative.[6]  Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."  Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

In authorizing a reduced sentence based on a retroactive amendment to a guideline, the Sentencing Commission stated:  "If the original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate. . . ." U.S.S.G. § 1B1.10(b)(2)(B) app. note 3.  The application note provides an instructive example:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (2) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (3) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.

§ 1B1.10 app. note 3.  Here, the bottom of the original guideline range was 84 months, and the Court imposed a sentence of 72 months.  Thus, the reduction authorized by the Sentencing

---

[6]According to BOP disciplinary reports, in November 2005, the defendant was sanctioned for stealing food in the context of his food service job.  As a result, he lost that job.

Commission is 14% below the new guideline minimum of 70 months, which is a term of 60

months.   There is a 60 month mandatory minimum in this case.

### V.  The Court May Not Order the Release of the Offender Prior to March 3, 2008.

The effective date of the Sentencing Commission's action making the crack cocaine

amendments retroactive is March 3, 2008.  Accordingly, this Court is without authority to reduce

a sentence prior to that date.  As explained above, Congress has delegated to the Sentencing

Commission the sole authority to permit the retroactive application of a guideline reduction, and

no court may alter an otherwise final sentence on the basis of such a retroactive guideline unless

the Sentencing Commission expressly permits it. See, e.g., United States v. Perez, 129 F.3d 255,

259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v.

McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir.

1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); Ebbole v. United States, 8

F.3d 530, 539 (7th Cir. 1993); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997);

United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767,

768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).  The

Sentencing Commission has not permitted a reduction to a crack cocaine sentence prior to March

3, 2008, and therefore the courts are without authority to apply the amendments as retroactive

before that date. Absent permission from the Commission, the Court may not reduce the

defendant's sentence prior to this time.[7]

---

[7]  The Sentencing Commission so acted given the enormous burdens that retroactive
application of the crack cocaine amendments, in tens of thousands of cases, will impose on the
courts, prison officials, probation officers, prosecutors, and others. The delayed implementation
of retroactivity permits all officials to assure the orderly handling of these many cases and
prisoners.  Delayed implementation also allows for Congressional review of the Commission's

## VI.  Conclusion

In sum, the Court should consider the Section 3553(a) factors and the other considerations addressed above in determining whether and to what extent to reduce the sentence.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

RAYMOND F. MILLER
ASSISTANT UNITED STATES ATTORNEY
Fed.  Bar Number CT20451
157 Church Street
New Haven, CT 06510

## CERTIFICATION

I hereby certify that on February 12, 2008, a copy of foregoing was mailed to

Alan Sobol

O'Connell, Flaherty & Attmore, LLC

280 Trumbull Street, 23rd floor

Hartford, CT 06103-3598

_____
RAYMOND F. MILLER
ASSISTANT UNITED STATES ATTORNEY

decision and Congress may choose to reject or alter the Commission's decision.