UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. |
| v. | : | 3:02 CR 00107 (SRU) |
| | : | |
| DANA ADAMS | : | MARCH 10, 2008 |

## MOTION FOR RE-APPOINTMENT OF CJA COUNSEL AND MOTION FOR SENTENCE REDUCTION

The Defendant, DANA ADAMS, hereby seeks re-appointment of the undersigned counsel as counsel pursuant to the Criminal Justice Act and hereby moves this Court to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2). As grounds for this motion, the Defendant states as follows:

1)   The Defendant was indicted on April 23, 2003 (and arrested on April 25, 2003) for knowingly and intentionally possessing with the intent to distribute, and distribution of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(B) and §841(b)(1)(C) on two (2) separate occasions.

2)   The undersigned counsel was appointed to represent the Defendant at the presentment in Court held shortly thereafter, and continued to represent Defendant throughout the case pursuant to the Criminal Justice Act.

3)      On January 9, 2004, the Defendant pleaded guilty to Count Two of the Indictment, which charged him with knowingly and intentionally possessing with the intent to distribute and distribution of 5 grams or more of crack cocaine.

4)      The Pre-Sentence Report ("PSR") determined that Defendant's base offense level was 26. Defendant's offense level was reduced by 3 levels for his acceptance of responsibility. His resulting offense level was 23.

5)      The Defendant had ten (10) criminal history points, resulting in a criminal history category of V.

6)      These calculations resulted in a Guideline range of 84 to 105 months.

7)      In March, 2004, the Court sentenced the Defendant to a term of incarceration of 72 months, having departed downward from the applicable Guidelines range.

8) Defendant is currently incarcerated at FCI Cumberland, Cumberland, Maryland, and, according to the attached record from the Bureau of Prisons website, is due to be released on November 23, 2008.

9)      In December, 2007, the U.S. Sentencing Commission determined that amendments to the Guideline ranges for cases involving crack cocaine will be applied retroactively, effective March 3, 2008.

10) As set forth in the Government's Notice to the Court of the Defendant's Eligibility for a Sentence Reduction under 18 U.S.C. §3582 dated February 12, 2008, the amendments benefit the Defendant in this case. His newly calculated base offense level is 24, which, with the adjustments noted above, result in a total offense level of 21. With his criminal history category remaining at V, his Guidelines range under the amended Guidelines should be 70 to 87 months.

11) The bottom of the Guidelines range at the time of the Defendant's original sentencing was 84 months, and the Court departed downwards and issued a sentence of 72 months. This is a 14% reduction (from 84 months to 72 months) of the Defendant's Guidelines range. If this same 14% reduction is applied to the low-end of the Defendant's amended Guidelines range, 70 months, then the Defendant is entitled to a reduced sentence of 60 months and is eligible for immediate release. The United States Probation Office PSR Addendum dated March 1, 2008 reflects the foregoing and notes a Revised Projected Release Date of February 23, 2008.

12) Defendant has no history of violence that would preclude the Court from applying the amended Guidelines. The PSR Addendum dated March 1, 2008 notes the Defendant has received one disciplinary report for stealing but that he has had no other issues during his period of incarceration. The Defendant reports that an updated Bureau of Prisons Progress Report will be forwarded to the United States Probation Office. The

Defendant reports that the progress report should reflect his good conduct, prison jobs and participation in the 500-hour drug program during his incarceration.

13) Moreover, the U.S. Supreme Court's recent decision in <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007), affords the Court the opportunity to consider a sentence even below the amended Guideline range.

14) As a result, the Defendant should be eligible for, at a minimum, a sentence of 60 months, which enables him to be immediately released from prison.

15) In light of these developments in the law and Defendant's right to counsel at every stage of his proceedings, and that Defendant's financial status has not changed, Defendant should be appointed counsel under the Criminal Justice Act.

**WHEREFORE,** the Defendant respectfully requests that, pursuant to the Criminal Justice Act, the Court re-appoint the undersigned counsel to represent him in seeking a lower sentence.

Respectfully Submitted,
Defendant, Dana Adams,

By: _____
Alan J. Sobol, Fed. Bar No. ct00955
**O'CONNELL FLAHERTY & ATTMORE LLC**
280 Trumbull Street, 23rd Floor
Hartford, CT 06103-3598
Telephone: (860) 548-1300
Facsimile: (860) 548-0023
Email: asobol@ofalaw.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Motion for Re-Appointment of CJA Counsel and Motion for Sentence Reduction was served by mail to the following parties and counsel of record this 11th day of March 2008 as follows:

Raymond F. Miller
Assistant United States Attorney
Connecticut Financial Center
157 Church Street, 23rd Floor
New Haven, CT 06510

Michael P. Rafferty
United States Probation Officer
450 Main Street, Room 735
Hartford, CT 06103

Alan J. Sobol

